1   NICHOLAS S. NASSIF, BAR NO. 129434
    THE LAW OFFICE OF NICHOLAS S. NASSIF
2   3055 Wilshire Boulevard, Suite 900
    Los Angeles, California 90010
3   (213) 736-1899
    FAX NO:  (213) 736-5656
4

5   Attorneys for Plaintiffs Daniel J. DeSario and National Bar Review, L.L.C.

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12  DANIEL J. DESARIO and NATIONAL )   CASE NO: CV 09-09385-GW (VBKx)
    BAR REVIEW, L.L.C.,            )
13                                 )   The Honorable George H. Wu
                     Plaintiffs,   )
14                                 )   PLAINTIFFS' EX PARTE
        vs.                        )   APPLICATION FOR AN ORDER
15                                 )   SHORTENING TIME TO HEAR
    WOLTERS KLUWER, A Netherlands  )   PLAINTIFFS' MOTION FOR:
16  Corporation; WOLTERS KLUWER    )   AN ORDER EXTENDING
    UNITED STATES, INC., a New York)   DISCOVERY CUT-OFF DATE; A
17  Corporation; ASPEN PUBLISHERS, )   PROTECTIVE ORDER RE
    INC., a Delaware Corporation;  )   DEPOSITIONS; AN ORDER THAT
18  EMANUEL BAR REVIEW, a business )   THE DEFENDANTS' DEPOSITIONS
    entity form unknown; ROBERT    )   BE TAKEN IN LOS ANGELES;
19  BECKER, an individual; RICHARD )   DECLARATIONS OF DALILA
    KRAVITZ, an individual; STEVE  )   KAMAL-GRIFFIN AND NICHOLAS
20  ERRICK, an individual and MICHAEL )   S. NASSIF
    GREGORY, an individual, and Does 1 -)
21  25.                            )   (Proposed order filed concurrently
                                   )   herewith).
22                   Defendants.   )
                                   )
23  _____)   Hearing:
                                       Date: June 17, 2010
24                                     Time: 8:30 AM
                                       Courtroom: 10
25
                                       Trial Date: November 9, 2010
26

27

28
    _____
                                   1
    PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION**:

PLEASE TAKE NOTICE that plaintiffs will move the court *ex parte* on June 17, 2010 at 8:30 A.M. or as soon as counsel may be heard, in courtroom 10 of the federal courthouse located 312 North Spring Street, Los Angeles, California 99012, for an order shortening time or for any other order the court may deem just and proper. Plaintiffs have filed, concurrently with this ex parte application, the motion for which a shortened hearing time is requested.

Good cause exists for filing this *ex parte* application and for an order shortening time to hear Plaintiffs' Motion for:

(1) An order Extending the Discovery Cut-Off Date by 90 days, and/or for any appropriate extension of time that the court will deem just and proper as a result of such order, should the court grant the relief requested.

(2) A protective order that no deposition may be taken by the defendants until they have provided full and complete responses to the plaintiffs' requests for the production of documents and to the plaintiffs' interrogatories, either voluntarily or in compliance with a court order, if any, compelling responses to the plaintiffs' outstanding discovery requests. The plaintiffs will file a motion to compel no later than July 15, 2010.

(3) An order granting plaintiffs leave to depose the defendants, in Los Angeles, at the defendants' costs.[1] The manner in which the defendants have responded to the plaintiffs' discovery requests, or rather obstructed it, as explained in footnote 2 below and the declaration of Dalila Kamal-Griffin in Support of the plaintiffs motions filed concurrently with this application, justifies such an order.

---

[1]   This motion only needs to be heard on shortened notice if the court is not inclined to extend the discovery cut-off date. However, the plaintiffs respectfully request that the court provide guidance on this issue, to obviate the need for a noticed motion later.

Plaintiffs' Ex Parte Application for Order Shortening Time

1   The actual and anticipated costs of the review of the production is expected to
2   exceed $36,000.00 of billable time to which will be added the cost of reviewing
3   the same  documents just to construct the defendants' answers to the plaintiffs'
4   interrogatories.

5        **The proceedings:**

6        This case was originally filed with the California Superior Court, County of
7   Los Angeles, on October 22, 2009. On December 21, 2009, defendants filed an
8   answer to the state court complaint. On December 22, 2009, the defendants filed a
9   notice of removal to this court on December 22, 2009.

10        On April 5, 2010, the defendants served upon plaintiffs a Motion for
11   Judgement on the Pleadings. The motion was originally set for hearing on May 6,
12   2010, then continued by the court, on its own motion, to May 10, 2010.  On May
13   11, 2010, the court granted the defendants' motion with leave to amend. Plaintiffs
14   filed their First Amended Complaint on June 1, 2010.

15        **The parties and their counsel:**

16        The corporate defendants named in the complaint form a global publishing
17   conglomerate based in the Netherlands, employing nearly 20,000.00 persons with
18   a yearly revenue of 5 billion dollars. The defendants are represented by a national
19   firm of nearly 500 attorneys and countless support staff.

20        Plaintiff National Bar Review is a small business owned and operated by
21   two individuals, Mr. Daniel DeSario, a Plaintiff in the case, and his partner,
22   Fedora Nick. Until it was approached by the defendants for an acquisition deal in
23   the summer of 2007, National Bar Review had a gross annual revenue of nearly
24   $600,000.00 for 2006. National Bar Review's revenues plummeted to nearly
25   $150,000.00 after its ill-fated encounter with the defendants. The First Amended
26   complaint lays out a preview of some of the evidence of the fraud that was
27   perpetrated upon the plaintiffs.

28        Plaintiffs' counsel are a two-attorney firm with a small staff of three

1   secretaries.

2   **The state of the discovery**

3   **Discovery propounded by the defendants:**

4   The defendants have served upon the plaintiffs their initial Rule 16 (b)

5   disclosure on March 8, 2010.

6   The defendants have propounded to plaintiffs a First and Second Request

7   for the Production of Documents, respectively served on February 11, 2010 and

8   April 19, 2010; and a First and Second Set of Interrogatories, respectively served

9   on February 9, 2010 and April 19, 2010.

10   The Plaintiffs have responded  to the first set of discovery requests, albeit

11   late for the reasons explained in the attached Declaration of Dalila Kamal-Griffin.

12   The Plaintiffs have largely made up for the delay by basically giving to the

13   defendants all the documents and information they possess  that are responsive to

14   the requests.

15   The defendants have scheduled depositions for  June 29 and 30, and July 6,

16   7, 9, 13, 14 and 16, 2010.

17   **The discovery propounded by the plaintiffs:**

18   Plaintiffs have served (1) six set of interrogatories on the corporate

19   defendants and one request for the production on April 30, 2010; (2) three sets of

20   interrogatories upon the individual defendants on May 10, 2010; and (3)

21   additional interrogatories to Defendant Aspen Publishers Inc. on May 1, 2010.

22   As explained above and in the attached declaration of Dalila Kamal-Griffin,

23   the defendants have obstructed the plaintiffs' discovery to the  point where the

24   defendants have everything and the plaintiffs nothing to conduct meaningful

25   depositions and additional discovery, this just a few weeks prior to the discovery

26   cut-off date.

27   **The need for a shortened notice**

28   In this case, the  discovery cut-off date is July 23, 2010.  It is Plaintiffs'

1 understanding, upon inquiry with the court's clerk, Javier Gonzales, that in the

2 month of July, 2010 the court will be unavailable in July until July 25, 2010.

3 Therefore, Plaintiffs' Motion for the relief requested above need to be heard on a

4 shortened notice.

5      As explained in the attached declaration of Dalila Kamal-Griffin, the

6 defendants have noticed the depositions of the plaintiffs and other witnesses

7 starting on June 29, 2010 up to July 16, 2010. The plaintiffs have promptly served

8 objections to the defendants on June 11, 2010.

9      The plaintiffs tentatively scheduled the defendants' depositions for July 19,

10 20, 21 and 22, 2010.[2]

11      The plaintiffs' counsel will not be ready and able to effectively assist their

12 clients at the upcoming depositions that the defendants noticed. Neither will the

13 plaintiffs' counsel be able to conduct meaningful depositions of parties and

14 witnesses in July. This is so because the  defendants have engaged in outrageous

15 tactics that have stalled the plaintiffs' discovery. As examples of the defendants'

16 egregious tactics are (1) the production on June 3, 2010 of nearly 35,000 pages of

17 documents thrown in boxes without specific order or by categories, with some

18 documents replicated numerous times,  up to 1,259 times in the first 4,441 pages

19 only[3], (2) failing to respond to most of the plaintiffs' interrogatories and requests

20

21

22 [2]     While the parties have agreed on the dates, they have not agreed to the location, as the defendants reside on the East Coast.

23 [3]     And counting; the plaintiffs' counsel have only reviewed 11,500 pages so far.

24 They had to interrupt their review to file these motions,  to address discovery issues and to prepare for the mediation scheduled on June 14, 2010. The cost to

25 plaintiffs of the manner in which the defendants produced documents is horrendous as stated in the attached declaration of Dalila Kamal-Griffin.

26 Furthermore, referring the plaintiffs to the thousands of pages as an answer to the plaintiffs' interrogatories, without labeling or identifying the documents referred

27 to, represents an additional horrendous cost representing at least as many day to

28 sift, again, through the files to construct and answer.

1  for the production of documents  on frivolous grounds as is explained in the

2  attached declaration of Dalila Kamal-Griffin;  and (2)  referring the plaintiffs  to

3  the 35,000 pages thrown in boxes they have produced as an answer to many of the

4  plaintiffs' interrogatories.

5       While the plaintiffs are anxious to have their claims heard on the merits[4]

6  rather than engage is costly and frivolous discovery wars, the defendants have

7  been stalling plaintiffs' discovery. In brief, the plaintiffs have given the defendants

8  everything and the plaintiffs have received nothing in return. The plaintiffs now

9  turn to the court to level the playing field.

10      This *ex parte* application, made pursuant to Local Rule 7-19,  is based on

11  the attached declarations of Dalila Kamal-Griffin, attorney for Plaintiff, and all the

12  papers and pleadings on file.

13      Filed concurrently with the ex parte application is the plaintiffs' Motions

14  for (1) an order Extending Discovery Cut-Off Date by 90 days, and/or for

15  any appropriate extension of time that the court will deem just and proper as

16  a result of such order, should the court grant the relief requested.

17  (2) a protective order that no deposition may be taken by the defendants

18  until they have provided full and complete responses to the plaintiffs'

19  requests for the production of documents and to the plaintiffs'

20  interrogatories, either voluntarily or in compliance with a court  order, if

21  any, compelling responses to the plaintiffs' outstanding discovery requests

22  upon motion to compel filed by the plaintiffs no later than July 15, 2010.

---

[4]    The plaintiffs have responded to all the defendants' interrogatories and produced all the documents in their possession, except for documents and information covered by the attorney/client and attorney work product privilege. The only two other objections were based on the lack of time frame, as the interrogatories required the plaintiffs to go back decades to answer questions relating to Mr. DeSario's employment and litigation history. The plaintiffs have responded, going back 10 years.

1   (3) an order granting the plaintiffs' partial motion to compel responses to
2   the plaintiffs' request for the production of documents and to the plaintiffs'
3   interrogatories  that the defendants have withheld on CCP 2019.210
4   grounds.
5   (4) an order granting plaintiffs leave to depose the defendants,  in Los
6   Angeles, at the defendants' costs.  The plaintiffs need to proceed with
7   discovery while sifting through the 35,000 pages of documents that the
8   defendants have produced in a most objectionable manner.
9   (5)  a protective order ordering the defendants to specifically identify, label
10  and produce all the documents that they have referred the plaintiffs to, in response
11  to the plaintiffs' interrogatories served on June 11, 2010. The plaintiffs need to
12  proceed with discovery. This is why they now seek relief from the undue burden
13  the defendants have imposed on them through this motion for a protective order on
14  a short notice.
15  The plaintiffs 'counsel have notified the defendants' counsel of the filing of
16  this application on June 9,  2010. Because both parties plan to file motions and
17  due to the fact both parties had to prepare for the mediation set for June 14, 2010
18  both sides agreed to not file motions before June 15, 2010.
19  Defendants are hereby advised that any opposition must be filed not later
20  than 24 hours after the filing of the *ex parte* application.
21
22
23  DATED: June 17, 2010          LAW OFFICES OF NICHOLAS S. NASSIF
24
25
26  NICHOLAS S.NASSIF, Attorney for Plaintiffs
27  C:\wpdocs\DeSario\6-15-10 ExPare&Motion to ExtendDiscCutOffDates\Plaintiffs ExParte Application to Extend Discovery
28  Cut-off date revised-v17.wpd

7

## DECLARATION OF DALILA KAMAL-GRIFFIN

I, Dalila Kamal-Griffin, declare under penalty of perjury under the laws of the United States as follows:

1. I am a member in good standing of the California State Bar and duly admitted to practice before this court. I am one of plaintiffs Daniel DeSario and National Bar Review L.L.C.'s attorneys in this case. I am employed by lead counsel and attorney of record in this case, Nicholas S. Nassif. I file this declaration in support of Plaintiffs' Ex Parte Application for an Order Shortening Time to Hear Plaintiffs' Motion for:

(1) An order Extending the Discovery Cut-Off Date by 90 days, and/or for any appropriate extension of time that the court will deem just and proper as a result of such order, should the court grant the relief requested.

(2) A protective order that no deposition may be taken by the defendants until they have provided full and complete responses to the plaintiffs' requests for the production of documents and to the plaintiffs' interrogatories, either voluntarily or in compliance with a court order, if any, compelling responses to the plaintiffs' outstanding discovery requests. The plaintiffs will file a motion to compel no later than July 15, 2010.

(3) An order granting plaintiffs leave to depose the defendants, in Los Angeles, at the defendants' costs.[5] The manner in which the defendants have responded to the plaintiffs' discovery requests, or rather obstructed it, as explained in footnote 2 below and the declaration of Dalila Kamal-Griffin in Support of the plaintiffs' motions filed concurrently with this application, justifies such an order. The actual and anticipated costs of the review of the production is expected to

---

[5] This motion only needs to be heard on shortened notice if the court is not inclined to extend the discovery cut-off date. However, the plaintiffs respectfully request that the court provide guidance on this issue, to obviate the need for a noticed motion later.

1  exceed $36,000.00 of billable time plus about the same cost to review the same

2  documents to construct the defendants' answers to the plaintiffs' interrogatories.

3      2. Except for those matters stated hereinafter upon information and belief, I

4  have personal knowledge of the following facts and if called to testify in person, I

5  could and would testify to the same.

6      3. On June 9, 2010, I notified the defendants' counsel, Mr. Pao, of the filing

7  of this application, and the grounds thereof. The notice was given in the course of

8  a telephonic meet-and-confer. Because both parties plan to file motions and due to

9  the fact both parties had to prepare for the mediation set for June 14, 2010 both

10  sides agreed to file motions after June 15, 2010.

11      4. The discovery cut-off date is July 23, 2010. The defendants have used big

12  firm tactics that have dwarfed our office. As a result of the defendants' tactics, the

13  plaintiffs' counsel are not in a position to conduct meaningful depositions prior to

14  the discovery date, to effectively assist their clients at the depositions noticed by

15  the defendants for June 29 and 30, 2010 or  or to examine the witnesses that the

16  defendants will depose in July. I have described these tactics with more specificity

17  in my declaration in support of the plaintiffs' motion filed concurrently with this

18  ex parte application.

19      5. I understand, after inquiry with the court's  clerk, Mr. Javier Gonzales,

20  that the court will be unavailable in July until July 26, 2010.

21      6. For the reasons stated above, plaintiffs respectfully request that the court

22  grant the relief requested.

23      I declare under penalty of perjury under the laws of the United States that

24  the foregoing is true and correct.

25      Executed on June 15, 2010 at Los Angeles, CA.

26

27  _____

28      DALILA KAMAL-GRIFFIN

9

# DECLARATION OF NICHOLAS S. NASSIF

I, Nicholas S. Nassif, declare under penalty of perjury under the laws of the United States as follows:

1. I am a member in good standing of the California State Bar and duly admitted to practice before this court. I am one of Plaintiffs' Daniel DeSario and National Bar Review L.L.C.'s attorneys in this case.

2. I called William Pao at 3:00 p.m. on June 16, 2010 and told him that I would file the following motions on June 17, 2010:

     (a) Plaintiffs' Ex Parte Application for an Order Shortening Time to Hear Plaintiffs' Motion For: An Order Extending Discovery Cut-off Date; a Protective Order re Depositions; an Order That the Defendants' Deposition Be Taken in Los Angeles; and

     (B) Plaintiffs' Motion For: an Order Extending Discovery Cut-off Date; a Protective Order re Depositions; an Order That the Defendants' Depositions Be Taken in Los Angeles.

3. Mr. Pao requested that I notice the depositions of the defendants. I stated that we had decided on the dates and deponents, and we just had a dispute about the location. Mr. Pao said that the issue would not be ripe.

4. I have decided to prepare and serve the Notices of Depositions on June 18, 2010. I called Mr. Pao at 10:13 a.m. on June 17, 2010 and left a voice mail advising Mr. Pao of this.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 17, 2010 at Los Angeles, CA.

_____
NICHOLAS S. NASSIF

10